IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL A. LUVARA,

       *Plaintiff,*

     v.

814 PRED HUNTERS, LLC, BRIAN
KNEPP, DIANE SHENKLE, JOHN
DOES 1-10, JANE DOES 1-10, CHIEF
MATT CONRAD, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,
CORPORAL JEFF WINFIELD,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,
PUNXSUTAWNEY BOROUGH, JEFF
BURKETT, ESQUIRE,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY, AND
JEFFERSON COUNTY,
PENNSYLVANIA,

       *Defendants.*

Civil Action No. 2:25-cv-01847-NR

**JURY TRIAL DEMANDED**

*Electronically Filed*

**FIRST AMENDED COMPLAINT IN CIVIL ACTION**

AND NOW comes Plaintiff, Paul A. Luvara, by and through his undersigned attorneys,

George R. Farneth II, Esquire and The Farneth Law Group, LLC, and files this First Amended

Complaint in Civil Action, averring as follows:

**THE PARTIES**

1. Plaintiff, Paul A. Luvara ("Plaintiff"), is an adult individual who, at all times

pertinent hereto, resided in the Western District of Pennsylvania.

2. Defendant, 814 Pred Hunters LLC ("814"), is a Pennsylvania limited liability

company that claims to be a non-profit entity, with a registered office through ZenBusiness, Inc. in

Dauphin County, Pennsylvania and a principal place of business in Bigler, Clearfield County, Pennsylvania which is in the Western District of Pennsylvania.

3.    814 is a vigilante group that operates throughout the Commonwealth of Pennsylvania, including the Western District of Pennsylvania, and other states by and through numerous agents, servants, employees, representatives, members, and/or volunteers whose names, contact information, and roles within 814 is currently unknown to Plaintiff because Defendants intentionally conceal that information.

4.    Defendant, Brian Knepp ("Knepp"), who advertises and promotes himself as being the founder and CEO of 814, is an adult individual whom Plaintiff believes, at all times pertinent hereto, was doing business and resided in the Western District of Pennsylvania.

5.    Defendant, Diane Shenkle ("Shenkle") is an adult individual whom Plaintiff believes, at all times pertinent hereto, was doing business and resided in the Western District of Pennsylvania.

6.    Plaintiff believes that Shenkle and one or more of the John Does and/or Jane Does posed as minors online to approach Plaintiff in a sexual manner and then worked to set up an in-person meeting with Plaintiff to confront him and have him arrested while they live streamed the confrontation on Facebook, and have him prosecuted and incarcerated.

7.    Defendants, John Does 1-10 ("John Does"), are believed to be adult individuals and at all times pertinent hereto, were agents, servants, employees, representatives, members, and/or volunteers of 814 who were involved in 814's entrapment of and whose actions caused the arrest and prosecution of Plaintiff.

8.    Defendants, Jane Does 1-10 ("Jane Does"), are believed to be adult individuals and at all times pertinent hereto, were agents, servants, employees, representatives, members, and/or

volunteers of 814 who were involved in 814's entrapment of and whose actions caused the illegal and unlawful arrest and prosecution of Plaintiff.

9. Knepp has previously admitted that adult members of 814 pose as minors online to find adults whom they approach sexually, they then set up in-person meetings to confront the alleged predators, they live stream the confrontations on Facebook, and they later give the online communications to the police.

10. Plaintiff believes that 814, Knepp, Shenkle, John Does, and Janes Does' criminal and other illegal and unlawful acts as detailed below are funded by donations they solicit, receive, and accept online and through other sources.

11. Plaintiff further believes that 814, Knepp, Shenkle, John Does, and Janes Does' criminal and other illegal and unlawful acts may have been and may still be funded by Conrad, Winfield, Borough, Police, Burkett, and/or County which renders 814, Knepp, Shenkle, John Does, and Janes Does agents and/or representatives of Conrad, Winfield, Borough, Police, Burkett, and/or County.

12. Based on information available on 814's website and Facebook page, it is clear that the business activities in which 814, Knepp, Shenkle, John Does, and Janes Does engage, for compensation and/or profit, involve the transfer of very sexual and obscene material intrastate and interstate using various electronic means.

13. Even though Knepp, Shenkle, John Does, and Janes Does claim they are volunteers who are entitled to certain privileges and immunities, including those set forth in the Volunteer Protection Act of 1997, 42 U.S.C. §14501, et seq., there is no law or statute that authorizes them to or excuses them for engaging in their illegal and unlawful conduct as averred herein.

14.    Moreover, the Volunteer Protection Act of 1997, 42 U.S.C. §14501, et seq. specifically states that volunteers may be held liable for their actions, if the harm caused by their actions was the result of willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer, which is exactly what Plaintiff has averred herein.

15.    Defendant, Chief Matt Conrad, individually and in his official capacity ("Conrad"), is an adult individual who, at all times pertinent hereto, was and is Chief of the Punxsutawney Borough Police Department and whom Plaintiff believes maintained his principal place of business and/or resided in the Western District of Pennsylvania.

16.    Defendant, Corporal Jeff Winfield, individually and in his official capacity ("Winfield"), is an adult individual who, at all times pertinent hereto, was a Master Patrolman for the Punxsutawney Borough Police Department and whom Plaintiff believes maintained his principal place of business and/or resided in the Western District of Pennsylvania.

17.    Despite Winfield's illegal and unlawful conduct as averred herein, Winfield has since been promoted to Corporal.

18.    Defendant, Punxsutawney Borough ("Borough"), is a borough in the Western District of Pennsylvania.

19.    At all times pertinent hereto, Borough was authorized to and did own, operate, manage, supervise, direct, control, and maintain a police department that, at all times pertinent hereto, was and is known as the Punxsutawney Borough Police Department ("Police") with its principal place of business located at 301 East Mahoning Street, Suite 2, Punxsutawney, Pennsylvania 15767 which is in the Western District of Pennsylvania.

20.     At all times pertinent hereto, Borough and Police were acting by and through their authorized agents, servants, employees, representatives, and/or their ostensible agents, including but not limited to its Chiefs, Deputy Chiefs, Assistant Chiefs, Detectives, Lieutenants, Commanders, police officers, and other members of the Police, including but not limited to Conrad and Winfield, as well as 814, Knepp, Shenkle, John Does, and Jane Does, all of whom were then and there acting exclusively, in substantial part, or partially within the course and scope of their employment and/or agency relationship with Borough and Police and/or under color of state law and as state actors in furtherance of the business operations and interests of Borough and Police, generally and in accordance with the policies of Borough and Police, whose actions were substantially intertwined with those of the state in furtherance of the state's alleged pursuit of a police investigation.

21.     At all times pertinent hereto, Conrad and Winfield were simultaneously acting as agents, servants, employees, and representatives of Borough and Police, and on their own behalf in furtherance of their own personal interests, biases, prejudices, and agendas irrespective of the fact that their actions violated well-established Pennsylvania and Federal law.

22.     Defendant, Jeff Burkett, Esquire, individually and in his official capacity ("Burkett"), is an adult individual who, at all times pertinent hereto, was and is the District Attorney for Jefferson County, Pennsylvania and whom Plaintiff believes maintained his principal place of business and/or resided in the Western District of Pennsylvania.

23.     Defendant, Jefferson County, Pennsylvania ("County"), is a county in the Western District of Pennsylvania.

24.     At all times pertinent hereto, County was acting by and through its authorized agents, servants, employees, and representatives, including but not limited to Conrad, Winfield,

Borough, Police, Burkett, and Judge John Foradora ("Foradora"), as well as 814, Knepp, Shenkle, John Does, and Jane Does, all of whom were then and there acting exclusively, in substantial part, or partially within the course and scope of their employment and/or agency relationship with County and/or under color of state law and as state actors in furtherance of the business operations and interests of County, generally and in accordance with the policies and practices of County, whose actions were substantially intertwined with those of the state in furtherance of the state's alleged pursuit of a police investigation.

25.     At all times pertinent hereto, Burkett was simultaneously acting as an agent, servant, employee, and representative of County, and on his own behalf in furtherance of his own personal interests, biases, prejudices, and agendas irrespective of the fact that his conduct as averred herein violated well-established Pennsylvania and Federal law.

26.     814, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, Borough, Police, Burkett, and County will sometimes hereinafter be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

27.     Jurisdiction for Plaintiff's claims is based upon 28 U.S.C. §1331, 1343 and 1367.

28.     This Court has pendent jurisdiction over Plaintiffs' state and common law claims.

29.     Venue is proper in this Court as, at all times pertinent hereto, Defendants maintained their principal places of business and/or were doing business within the Western District of Pennsylvania and all the events which give rise to the instant action occurred within the Western District of Pennsylvania.

## BACKGROUND FACTS

30.     When Conrad, Winfield, and Burkett were hired by Borough and/or Police they took an oath to protect and serve the public, uphold the law, and support and defend the

Constitutions of the United States of America and the Commonwealth of Pennsylvania which, for the reasons set forth herein, they failed to do.

31.     Conrad, Winfield, and Burkett each knew that if they failed protect and serve the public, failed to uphold the law, failed to support and defend the Constitutions of the United States of America and the Commonwealth of Pennsylvania, and/or violated the law, as they did in this case, they would be acting in their individual capacities and in furtherance of their own personal interests, biases, prejudices, and agendas and outside the authority extended to them by their respective employers.

32.     Borough, Police, and County have habitually and consciously chosen to conduct their business as a "good old boys network" and/or a "brotherhood" that, as a regular and consistent custom and practice of their operations, have consciously and intentionally ignored and/or failed to investigate and prosecute the criminal and other illegal and unlawful acts committed by 814, Knepp, John Does, Jane Does, Conrad, Winfield, and Burkett, including but not limited to those that infringe and/or deprive citizens of their civil and constitutional rights or otherwise violate well-established Pennsylvania and Federal law, and by doing so they each acquiesced in, accepted, approved, and/or tacitly condoned any and all such conduct and exhibited deliberate indifference to the civil and constitutional rights of citizens, including Plaintiff.

33.     As part and parcel of the aforementioned "good old boys network" and/or "brotherhood," leading members of Borough, Police, and County have habitually violated the civil and constitutional rights of the citizens they are obligated to protect and serve or they have consciously disregarded, failed to stop and, as a result, they tacitly accepted, approved, condoned, and thereby ratified and adopted such conduct when it has occurred, thereby creating an

environment where such conduct is the regular and accepted practice of behavior within the Borough, Police and County.

34.    In doing so, Borough, Police, and County also taught their police officers and prosecutors, including Conrad, Winfield, and Burkett, that even if they violated the civil and constitutional rights of the citizens they are obligated to protect and serve, violated well-established Pennsylvania and Federal law, and/or they committed criminal and other illegal and unlawful acts they would not be prosecuted or disciplined which served to encourage police officers and prosecutors to engage in such conduct, including the conduct at issue in this case.

35.    Neither Knepp, Shenkle, nor any of the John Does and/or Jane Does are members of law enforcement and they are not officially employed by any governmental office or agency that is responsible for investigating and prosecuting alleged criminals.

36.    Instead, 814, Shenkle, Knepp, John Does, and Jane Does are vigilantes whose conduct undeniably constitutes entrapment and violates well-established Pennsylvania and Federal law and their targets' civil and constitutional rights.

37.    Despite the fact that most of the other police officers, police departments, district attorneys, counties, and Judges in Pennsylvania have refused to arrest, prosecute, and incarcerate individuals who have been entrapped by 814, Knepp, Shenkle, John Does, and Jane Does, because doing so violates well-known Pennsylvania and Federal law and individuals' civil and constitutional rights, Conrad, Winfield, Borough, Police, Burkett, and County have habitually arrested, prosecuted, and Foradora, has sentenced/incarcerated such entrapped individuals based solely on information and documentation compiled by 814, Knepp, Shenkle, John Does, and Jane Does even though they all know it is illegal, unlawful, and constitutes a violation of well-known Pennsylvania and Federal law and individuals' civil and constitutional rights.

38.     In fact, Plaintiff believes that Conrad, Winfield, other officers and members of the Police, and Burkett have conspired by and between themselves and with 814, Knepp, Shenkle, John Does, and Jane Does to not only ignore well-established Pennsylvania and Federal law and violate individuals' civil and constitutional rights ("Conspiracy"), generally and specifically as evidenced by the habitual arrest, prosecution, and incarceration of individuals entrapped by 814, Knepp, Shenkle, John Does, and Jane Does which coupled with the Borough, Police, and County constitutes a permanent, pervasive, systemic, widespread, and prevalent pattern and practice of illegal conduct so as to have the force of law and a perpetual official custom, usage, pattern, practice, and policy ("Policies").

39.     Alternatively, each Defendant and/or player in the referenced Conspiracy is acting in concert with one another to achieve the illegal and unlawful goals described herein.

40.     As a result, Conrad, Winfield, Borough, Police, Burkett, and County have effectively deputized 814, Knepp, Shenkle, John Does, and Jane Does who act as agents and representatives of Conrad, Winfield, Borough, Police, Burkett, and County even though they all know it is illegal, unlawful, and constitutes a violation of well-known Pennsylvania and Federal law and individuals' civil and constitutional rights.

41.     Thus, all the illegal and unlawful conduct of 814, Knepp, Shenkle, John Does, and Jane Does as detailed herein was/is committed under color of law.

42.     Unless this Court puts a stop to Defendants' conduct, the Conspiracy and Policies will continue to ignore well-established Pennsylvania and Federal law and violate individuals' civil and constitutional rights.

43.     Unlawful prosecutions that have been brought pursuant to the Conspiracy and Policies have moved forward and been successful and, unless this Court orders an end to such

illegal activity, the unlawful prosecutions will continue to be successful even though they are illegal, unlawful, and violate well-established Pennsylvania and Federal law and individuals' civil and constitutional rights.

44.    Even though they knew and/or should have known that their actions are illegal, unlawful, and violated well-established Pennsylvania and Federal law and individuals' civil and constitutional rights, for some time prior to December 2, 2023 814, Knepp, Shenkle, John Does, and Jane Does regularly and habitually initiated, enticed, and/or encouraged individuals to correspond with them via text messages and emails and, in the process, they entrapped those individuals.

45.    814, Knepp, Shenkle, John Does, and Jane Does would initiate the communications by posing as adults on adult dating sites and, after luring in an individual, they would then claim that they were a minor and continue the entrapment.

46.    Shortly after engaging an individual in such communications and even though they knew and/or should have known that their actions were illegal, unlawful, and violated well-established Pennsylvania and Federal law and individuals' civil and constitutional rights, 814, Knepp, Shenkle, John Does, and Jane Does intentionally, willfully, wantonly, maliciously, outrageously, recklessly, and/or negligently turned the communications sexual and obscene so as to engage the individual in sexually explicit dialogue that they would later provide to Conrad, Winfield, Borough, Police, Burkett, and County after the individuals were arrested for purposes of prosecuting and incarcerating the individual.

47.    Without performing any investigation of their own but instead relying exclusively on the illegal and unlawful activities of 814, Knepp, Shenkle, John Does, and Jane Does and the communications they generated and provided to them after an arrest, Conrad, Winfield, Borough,

and Police would then arrest the individual, Burkett and County would prosecute the individual, and Foradora not only allowed the prosecution of those individuals to proceed, but he would harshly sentence those individuals who pleaded guilty or were found guilty.

48. Essentially, Conrad, Winfield and Borough are outsourcing the accusation function to a private actor and then acting on that private actor's request to arrest individuals, without first making the required, independent constitutional determination required for the arrest.

49. Because the illegal and unlawful arrests, prosecutions, and incarcerations have been permitted to occur, the Defendants have been empowered to maintain the Policies, continue the Conspiracy, and continue to violate Pennsylvania and Federal law and individuals' civil and constitutional rights.

50. At all times pertinent hereto, Conrad, Winfield, Borough, Police, Burkett, and County knew that the actions of 814, Knepp, Shenkle, John Does, and Jane Does were illegal, unlawful and yet they still arrested, prosecuted, and sought the incarceration of the entrapped individuals thereby empowering 814, Knepp, Shenkle, John Does, and Jane Does to continue engaging in their illegal and unlawful conduct.

51. Plaintiff believes that Burkett is one of very few District Attorneys in the Commonwealth of Pennsylvania who prosecutes individuals who were entrapped by 814, Shenkle, Knepp, John Does, and Jane Does.

52. Plaintiff believes that Foradora is one of very few Judges in the Commonwealth of Pennsylvania who allows criminal cases to proceed against individuals who were entrapped by 814, Knepp, Shenkle, John Does, and Jane Does.

53. Foradora has a reputation for imposing very harsh sentences on those individuals who are found guilty of crimes relating to the vigilante actions of 814, Knepp, Shenkle, John Does,

and Jane Does and, as a result, individuals are forced to accept plea bargains to avoid the harsh sentences Foradora issues.

54.     Utilizing an adult decoy, beginning in October 2023, 814, Knepp, Shenkle, John Does, and Jane Does entrapped Plaintiff into exchanging communications that continued through December 2, 2023 ("Communications") and ultimately led to his arrest, prosecution, and incarceration on multiple charges relating to the Communications.

55.     After Plaintiff stopped communicating with 814, Knepp, Shenkle, John Does, and Jane Does they reinitiated contact with Plaintiff in a deliberate attempt to entrap Plaintiff.

56.     At no time did Plaintiff communicate with any minors.

57.     At no time prior to Plaintiff's arrest was any investigation performed, or evidence reviewed, by Conrad, Winfield, Borough, Police, Burkett, or County and the information was provided by way of hearsay.

58.     Plaintiff believes that before Conrad, Winfield, Borough, Police, Burkett, or County received or reviewed the Communications, on December 2, 2023 he was illegally and unlawfully arrested by Conrad and Winfield in Punxsutawney, Pennsylvania.

59.     At the time of Plaintiff's illegal and unlawful arrest, Conrad, Winfield, Borough, Police, Burkett, and County allowed Knepp, Shenkle, and/or other agents, servants, employees, representatives, members, and/or volunteers of 814 to be present to video and livestream on Facebook Plaintiff's illegal and unlawful arrest which they did.

60.     The video of Plaintiff's arrest, which is incorporated herein by reference, shows Winfield telling Plaintiff that "you were caught by the 814 Pred Hunters."

61.     The video of Plaintiff's arrest also reveals that prior to his illegal and unlawful arrest, Winfield knew Plaintiff was a graduate of Duquesne Law School.

62. The video of Plaintiff's arrest also reveals that prior to his illegal and unlawful arrest, Knepp, Shenkle, and/or other John Does and Jane Does knew Plaintiff was a lawyer from Pittsburgh.

63. The video of Plaintiff's arrest also shows Winfield, without giving Plaintiff time to react, forcibly and violently pulling Plaintiff out of his vehicle, forcefully and violently slamming Plaintiff on the ground, violently and forcibly putting all his weight on Plaintiff, and violently and forcibly pushing Plaintiff's face into the ground.

64. The needlessly violent and forceful way in which Plaintiff was detained and arrested by Winfield was done without justification and without having conducted any investigation of his own.

65. One or more of the Defendants subsequently put the video of Plaintiff's illegal and unlawful arrest on the internet and/or distributed it to various television stations and news outlets, thereby tainting the jury pool and Foradora who is the only Judge in the County.

66. The video of Plaintiff's illegal and unlawful arrest is still on and always will be on the internet.

67. A careful review of the Criminal Complaint and Affidavit of Probable Cause relating to Plaintiff's arrest unequivocally establish that the arrest was based solely on the Communications, that were reviewed by Conrad, Winfield, Borough, Police, Burkett, and County after the fact, and that Conrad, Winfield, Borough, Police, Burkett, and County did not perform any independent investigation before arresting and prosecuting Plaintiff.

68. Instead, they relied exclusively on 814, Knepp, Shenkle, John Does, and Jane Does, and the Communications to arrest, prosecute, and incarcerate Plaintiff but only after the fact, making it clear that Plaintiff's arrest was orchestrated and directed by 814, Knepp, Shenkle, John Does, and Jane Does.

69.    Because the actions of 814, Knepp, Shenkle, John Does, and Jane Does was illegal and unlawful, the Communications and all other information and documentation they compiled and gave to Conrad, Winfield, Borough, Police, Burkett, and County constitutes the "fruit of the poisonous tree" and should not have been allowed to be the basis for Plaintiff's arrest, prosecution, and incarceration.

70.    Without the "fruit of the poisonous tree," Conrad, Winfield, Borough, Police, Burkett, and County had no other evidence or basis for arresting, prosecuting, or incarcerating Plaintiff.

71.    At no time did Plaintiff's criminal defense counsel request that the illegally obtained evidence against his client be quashed or suppressed even though the collection of evidence by vigilante groups such as 814 is undeniably illegal in Pennsylvania.

72.    As an "Officer of the Court," Burkett had an affirmative duty to dismiss all charges against Plaintiff as a result of the evidence against Plaintiff being illegally obtained.

73.    As the video and other internet postings clearly establish, prior to Plaintiff's arrest on December 2, 2023, 814, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, Borough, Police, Burkett, and County all knew Plaintiff was a criminal defense attorney from Pittsburgh and they all knew and/or should have known that Plaintiff was actively representing numerous clients.

74.    Because of his illegal and unlawful arrest, prosecution, and incarceration, which violated Pennsylvania and Federal law and his civil and constitutional rights, as well as Foradora's reputation, and the ineffectiveness and malpractice of his defense attorney, Plaintiff was forced, against his will, to enter into a plea agreement or risk spending a large portion of his adult life in prison.

75.     On May 8, 2025 Plaintiff was sentenced, *inter alia*, to not less than 30 and not more than 84 months in a Pennsylvania State Correctional Institution, to pay all costs of prosecution, as well as a $100 victim witness fee, $1,500 in fines, and a $250 fee to the Commonwealth of Pennsylvania, to register with SORNA, to a DNA draw, to a psychosexual evaluation and any follow up treatment with a certified provider, to have no unsupervised contact with anyone under the age of eighteen, to no alcohol consumption, to a prohibition from entering any establishment whose main purpose is the sale of alcohol and to three years' probation.

76.     One or more of the Defendants subsequently put Plaintiff's sentencing information on the internet and/or distributed it to various television stations and news outlets.

77.     Plaintiff's sentencing information is still on and always will be on the internet.

78.     Plaintiff believes that not only did Burkett's actions violate Pennsylvania and Federal law and his civil and constitutional rights, but it also constitutes multiple violations of the Pennsylvania Rules of Professional Conduct, including but not limited to:

      a.      Rule 3.1 Meritorious Claims and Contentions;

      b.      Rule 3.3 Candor Toward the Tribunal;

      c.      Rule 3.4 Fairness to Opposing Party and Counsel;

      d.      Rule 3.8 Special Responsibilities of a Prosecutor; and

      e.      Rule 8.4 Misconduct.

79.     Plaintiff also believes that Burkett may have violated Rule 3.6 Trial Publicity and Rule 4.1 Truthfulness in Statements to Others of the Pennsylvania Rules of Professional Conduct.

80.     Because of Defendants' individual, collective, and/or concerted intentional, illegal, unlawful, willful, wanton, malicious, outrageous, oppressive, recklessly indifferent, and/or

negligent conduct as aforesaid, Plaintiff is presently incarcerated and his license to practice law has been suspended and may not be reinstated.

81.     But for the Defendants' individual, collective, and/or concerted intentional, illegal, unlawful, willful, wanton, malicious, outrageous, oppressive, recklessly indifferent, and/or negligent conduct and the Conspiracy as aforesaid, Plaintiff would have never been arrested, prosecuted, and incarcerated and his law license would not have been suspended.

82.     As a direct, proximate, factual, and legal result of the Defendants' individual and collective intentional, illegal, unlawful, willful, wanton, malicious, outrageous, oppressive, recklessly indifferent, and/or negligent conduct as aforesaid, Plaintiff has suffered, and will continue to suffer, the following severe, serious, and potentially permanent injuries, damages, losses, and harm:

    a.    He has suffered and will continue to suffer severe anxiety, depression, embarrassment, humiliation, emotional distress, mental anguish, psychological trauma, nightmares, flashbacks, inconvenience, and a loss of life's pleasures;

    b.    He may be obliged to receive and undergo medical and psychological care and treatment and spend significant sums of money in an effort to restore his physical and emotional health;

    c.    He has been deprived of and lost his civil and constitutional rights, including but not limited to life, liberty, and the pursuit of happiness;

    d.    He has suffered a violation of his rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment;

    e.    He has suffered a violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from unreasonable and malicious prosecution, false arrest and false prosecution;

    f.    He was and continues to be defamed and his name and personal and business reputations have been severely damaged, if not destroyed;

g.      Severe damage to his personal and business relationships;

h.      His privacy was invaded;

i.      His law practice was destroyed:

j.      His other business interests were severely damaged, if not destroyed;

k.      He has suffered a substantial loss of income;

l.      His earning capacity and power have been severely impaired, as has his ability to obtain suitable employment upon his release;

m.      He has suffered a deprivation and lost his voting rights;

n.      He suffered a deprivation and loss of his Second, Fourth, and Fourteenth Amendment rights;

o.      He has been rendered suspicious and fearful of the police and other law enforcement officials;

p.      During his incarceration, he has suffered physical and emotional injuries and trauma, fear, trouble sleeping, low self-esteem, and a feeling of being disconnected from others in the community;

q.      He suffers from post-traumatic stress disorder;

r.      He has been and/or will be required to pay fines and fees that he otherwise would not have been required to pay;

s.      He was forced to retain counsel and has incurred and will continue to incur substantial attorneys' fees and costs to defend himself in connection with the criminal prosecution and the instant action;

t.      His general health, strength and vitality have been greatly impaired, thereby depriving him of the normal joys of life;

u.      He has suffered other severe, serious and significant injuries, damages, losses, and harm that will be developed in discovery and proven at trial.

83.     Defendants' individual and collective conduct as aforesaid has been and continues to be so intentional, illegal, unlawful, willful, wanton, malicious, outrageous, oppressive, recklessly indifferent to the safety and the civil and constitutional rights of Plaintiff so as to warrant the imposition of punitive damages against each of the Defendants in accordance with the holdings

in *Archibald v. Kemble*, 971 A.2d 513 (Pa. Super 2009) and *Monroe v. CBH20, LP*, 1862 EDA 2019 (Pa. Super 2022).

## COUNT I

### PLAINTIFF V. CORPORAL JEFF WINFIELD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

### VIOLATION OF TITLE 42 U.S.C. §1983, THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION: <u>EXCESSIVE FORCE</u>

84.    Plaintiff incorporates herein by reference as through fully set at length herein paragraphs 1 through 83 above.

85.    The Fourth Amendment to the Constitution protects individuals from use of excessive or unreasonable force by law enforcement.

86.    This Constitutional right was readily known, or should have been known, by Winfield.

87.    At all times pertinent hereto, Winfield was on duty as an officer of the law and acting under color of state law in relation to Plaintiff.

88.    At all times pertinent hereto, Winfield was present, in uniform with his badge, and identified himself as police and used police authority.

89.    At all pertinent times hereto, Winfield had a duty to refrain from using excessive force against Plaintiff in violation of his Constitutionally protected rights.

90.    Winfield, acting under color of state law, intentionally, knowingly, and/or with deliberate indifference, breached that duty by causing Plaintiff to be subjected to unreasonable, unnecessary, and violent force during Plaintiff's arrest.

91.    For the reasons set forth above, Winfield deprived Plaintiff of the rights, privileges, and immunities secured to him by 42 U.S.C. §1983 and by the Fourth Amendment to the United

States Constitution, which in turn caused and/or contributed to the aforementioned severe, serious, and potentially permanent injuries damages, losses and harm Plaintiff has suffered and continues to suffer.

92.    Winfield's conduct was arbitrary, capricious, and deliberately reckless and indifferent to Plaintiff's health, safety, and well-being as well as his civil rights.

93.    Any reasonable police officer in Winfield's position would have known that they were violating the rights, privileges, and immunities secured to Plaintiff by way of 42 U.S.C. §1983.

94.    Under the circumstances, Winfield's conduct was intentional, malicious, and recklessly indifferent to the rights, privileges and immunities secured to Plaintiff by 42 U.S.C. §1983 and by the United States Constitution and warrants the imposition of punitive damages against Winfield.

WHEREFORE, Plaintiff, Paul A. Luvara, respectfully requests that this Court enter Judgment on  his behalf and against Corporal Jeff Winfield, individual and in his official capacity for compensatory damages in excess of $75,000,  punitive damages, attorneys' fees, costs, and such other relief as this Court deems appropriate under the  circumstances.

## COUNT II

### PLAINTIFF V. DEFENDANTS, 814PRED HUNTERS, LLC, BRIAN KNEPP, DIANE SHENKLE, JOHN DOES 1-10, AND JANE DOES 1-10

### <u>DECLARATORY JUDGMENT</u>

95.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 94 above.

96.    At all times pertinent hereto, 814, Knepp, Shenkle, John Does, and Jane Does were engaged in the business, for compensation and/or profit, of generating and transferring intrastate

and interstate very sexual and obscene communications which constitutes a violation of 18 U.S.C. §1466.

97.     18 U.S.C. §1466 provides that the conduct of 814, Knepp, Shenkle, John Does, and Jane Does as detailed herein is illegal and punishable by imprisonment for not more than 5 years, by a fine, or both.

98.     In furtherance of the Conspiracy and Policies, Conrad, Winfield, Borough, Police, Burkett, and County have intentionally ignored and failed to prosecute 814, Knepp, Shenkle, John Does, and Jane Does for their illegal conduct.

99.     Plaintiff respectfully requests that this Court enter an order declaring that the conduct of 814, Knepp, Shenkle, John Does, and Jane Does as detailed herein constitutes a violation of 18 U.S.C. §1466 and ordering 814, Knepp, Shenkle, John Does, and Jane Does to immediately cease and desist all their vigilante activities.

100.    No party will suffer any prejudice whatsoever if this Court grants the requested relief.

WHEREFORE, Plaintiff, Paul A. Luvara, respectfully requests that this Court enter an Order declaring that the conduct of 814, Knepp, Shenkle, John Does, and Jane Does as detailed herein constitutes a violation of 18 U.S.C. §1466 and ordering 814, Knepp, Shenkle, John Does, and Jane Does to immediately cease and desist all their vigilante activities

**COUNT III**

**PLAINTIFF V. DEFENDANTS, 814PRED HUNTERS, LLC,
BRIAN KNEPP, DIANE SHENKLE, JOHN DOES 1-10, AND JANE DOES 1-10**

**<u>DECLARATORY JUDGMENT</u>**

101.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 100 above.

102.    Even though Knepp, Shenkle, John Does, and Janes Does claim they are volunteers who are entitled to certain privileges and immunities, including those set forth in the Volunteer Protection Act of 1997, 42 U.S.C. §14501, et seq., there is no law or statute that authorizes them to or excuses them for engaging in their illegal and unlawful conduct as averred herein.

103.    Moreover, the Volunteer Protection Act of 1997, 42 U.S.C. §14501, et seq. specifically states that volunteers may be held liable for their actions, if the harm caused by their actions was the result of willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer, which is exactly what Plaintiff has averred herein.

104.    Plaintiff respectfully requests that this Court enter an order declaring that the conduct of 814, Knepp, Shenkle, John Does, and Jane Does as detailed herein constitutes a violation of the Volunteer Protection Act of 1997, 42 U.S.C. §14501, et seq. for which they may be held liable.

105.    No party will suffer any prejudice whatsoever if this Court grants the requested relief.

WHEREFORE, Plaintiff, Paul A. Luvara, respectfully requests that this Court enter an Order declaring that the conduct of 814, Knepp, Shenkle, John Does, and Jane Does as detailed herein constitutes a violation of the Volunteer Protection Act of 1997, 42 U.S.C. §14501, et seq. for which they may be held liable.

## COUNT IV

**PLAINTIFF V. DEFENDANTS, 814PRED HUNTERS, LLC,
BRIAN KNEPP, DIANE SHENKLE, JOHN DOES 1-10, JANE DOES 1-10
CHIEF MATT CONRAD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
CORPORAL JEFF WINFIELD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
PUNXSUTAWNEY BOROUGH, JEFF BURKETT, ESQUIRE, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY, AND JEFFERSON COUNTY, PENNSYLVANIA,**

## DECLARATORY JUDGMENT

106.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 105 above.

107.    Pennsylvania's Unlawful Contact with Minors statute, 18 Pa. C.S.A. §6318, provides that in order to prosecute a child predator, the victim must be either an actual minor or a law enforcement official posing as a minor.

108.    In Plaintiff's case, there was no "victim."

109.    In the alternative, any alleged "victim" was neither a minor, nor a law enforcement official posing as a minor.

110.    As a result, the Defendants' individual and collective actions, the arrest, prosecution, and incarceration of Plaintiff were illegal, unlawful, and violated his Constitutional rights.

111.    On July 7, 2023, the Honorable Frederic J. Ammerman, President Judge of the Court of Common Pleas of Clearfield County, Pennsylvania, the county in which 814, Knepp, John Does, and Jane Does are based and from which they typically operate, issued an Opinion and Order in the case of the Commonwealth of Pennsylvania v. Matthew A. Uncles at CP-17-CR-95-2023 in which he explained in detail why the Defendants' actions and the arrest, prosecution, and incarceration of a suspect like Plaintiff were illegal and unlawful.  A copy of that Opinion and Order is attached hereto as Exhibit A and is incorporated by reference.

112.    Accordingly, approximately three months before the Communications with Plaintiff commenced, the Defendants each knew that their actions, and the actions of each of the other Defendants, were illegal and unlawful yet their actions persisted and ultimately resulted in the arrest, prosecution, and incarceration of Plaintiff and the suspension of his law license.

113.    In the case of Commonwealth v. Aguilar, 340 A.3d 311, (Pa. Super 2025), the Pennsylvania Superior Court distinguished between 18 Pa. C.S.A. §6318 on the one hand and 18 Pa.C.S.A. § 901(a).and 18 Pa.C.S.A. § 7512(a) on the other hand.

114.    In doing so, the Pennsylvania Superior Court held that the elements of 18 Pa.C.S.A. § 901(a).and 18 Pa.C.S.A. § 7512(a) do not require communication with a child.

115.    Although technically the Pennsylvania Superior Court was correct that the elements of 18 Pa.C.S.A. § 901(a).and 18 Pa.C.S.A. § 7512(a) do not require communication with a child, the rest of its analysis, including its adoption of the Commonwealth's argument that while the legislature specifically amended the Unlawful Contact with Minors charge in 2006 to include only contact with actual minors or law enforcement officers, the legislature did not similarly amend the Corruption of Minors statute with which Appellee was charged and, if the legislature had intended to amend the Corruption of Minors statute, it would have done so within that statute or by amending the whole chapter on sex offenses against minors, its analysis makes no sense

116.    18 Pa.C.S.A. § 901(a).and 18 Pa.C.S.A. § 7512(a) are two of the statutes Plaintiff was charged with violating and to which he was ultimately forced to plead guilty.

117.    Under the circumstances and for the reasons set forth herein, Plaintiff respectfully requests that this Court enter an Order declaring that any interpretation or application of 18 Pa.C.S.A. § 901(a).and 18 Pa.C.S.A. § 7512(a) to not require communication with a child or police officer is unconstitutional.

118.    Plaintiff also respectfully requests that this Court enter an Order declaring that the individual and collective conduct of Defendants and the reliance on the Communications and other evidence obtained by 814, Knepp, Shenkle, John Does, and Janes Does for purposes of arresting and prosecuting an individual to be a violation of that individual's constitutional rights.

119.    If this Court does not enter such an Order, the collective conduct complained of herein will continue, other individuals will be entrapped and they will be illegally and unlawfully arrested, prosecuted, and incarcerated, and their civil and constitutional rights will be violated.

120.    No party will suffer any prejudice whatsoever if this Court grants the requested relief.

WHEREFORE, Plaintiff, Paul A. Luvara, respectfully requests that this Court enter an Order declaring that any interpretation or application of 18 Pa.C.S.A. § 901(a).and 18 Pa.C.S.A. §7512(a) to not require communication with a child or police officer is unconstitutional and enter an Order declaring that the individual and collective conduct of Defendants and the reliance on the Communications and other evidence obtained by 814, Knepp, Shenkle, John Does, and Janes Does for purposes of arresting and prosecuting an individual to be a violation of that individual's constitutional rights.

## COUNT V

### PLAINTIFF V. DEFENDANTS, 814PRED HUNTERS, LLC, BRIAN KNEPP, DIANE SHENKLE, JOHN DOES 1-10, AND JANE DOES 1-10

### NEGLIGENCE, CARELESSNESS, RECKLESSNESS, AND NEGLIGENCE PER SE

121.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 120 above.

122.    Although the Conspiracy and the aforesaid illegal and unlawful conduct of 814,

Knepp, Shenkle, John Does, and Jane Does was clearly intentional, it was also negligent, careless, and reckless.

123. In addition, 814, Knepp, Shenkle, John Does, and Jane Does multiple and repeated violations of 18 U.S.C. §1466, 42 U.S.C. §14501, et seq., 18 Pa.C.S.A. § 901(a),.and 18 Pa.C.S.A. § 7512(a) as averred herein, constitutes negligence per se.

124. As a direct, proximate, factual, and legal result of 814, Knepp, John Does, and Jane Does' illegal and unlawful conduct as aforesaid, including their negligence, carelessness, recklessness, and negligence per se, Plaintiff has suffered and will continue to suffer the aforementioned severe, serious and permanent injuries, damages, losses, and harm.

125. Under the circumstances, 814, Knepp, John Does, and Jane Does's illegal and unlawful conduct was recklessly indifferent to the safety and the civil and constitutional rights of Plaintiff and warrants the imposition of punitive damages against 814, Knepp, John Does, and Jane Does.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendants, 814Pred Hunters, LLC, Brian Knepp, Diane Shenkle, John Does 1-10, and Jane Does 1-10, for compensatory damages in excess of $75,000, punitive damages (against the individual Defendants, only), attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT VI

**PLAINTIFF V. BRIAN KNEPP, DIANE SHENKLE, JOHN DOES, JANE DOES, CHIEF MATT CONRAD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, CORPORAL JEFF WINFIELD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND JEFF BURKETT, ESQUIRE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**

### CIVIL CONSPIRACY

126.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 125 above.

127.    Under Pennsylvania law, a "[C]ivil conspiracy occurs when two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means." Weaver v. Franklin County, 918 A.2d 194, (Pa. Commw. Ct. 2007).

128.    For the reasons set forth above, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, and Burkett acted in concert with each other as part of and in furtherance of the Conspiracy and with the intent and purpose of engaging in conduct that they knew was illegal, unlawful, and violated well-established Pennsylvania and Federal law and individuals' civil and constitutional rights.

129.    For the reasons set forth above, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, and Burkett each committed overt acts in furtherance of the Conspiracy that caused Plaintiff to suffer actual legal damages.

130.    As a direct, proximate, factual, and legal result of the Conspiracy and the violation of well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights, Plaintiff has suffered and will continue to suffer the loss of his liberty and the aforementioned severe, serious and permanent injuries, damages, losses, and harm.

131.    Under the circumstances, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, and Burkett's conduct was intentional, malicious, and recklessly indifferent to well-

established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights and warrants the imposition of punitive damages against Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, and Burkett.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendants, 814Pred Hunters, LLC, Brian Knepp, Diane Shenkle, John Does 1-10, Jane Does 1-10, Chief Matt Conrad, individually and in his official capacity, Corporal Jeff Winfield, individually and in his official capacity, and Jeff Burkett, Esquire, individually and in his official capacity, for compensatory damages in excess of $75,000, punitive damages (against the individual Defendants, only), attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT VII

**PLAINTIFF V. DEFENDANTS, 814PRED HUNTERS, LLC,
BRIAN KNEPP, DIANE SHENCKLE, JOHN DOES 1-10, JANE DOES 1-10,
CHIEF MATT CONRAD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
CORPORAL JEFF WINFIELD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
PUNXSUTAWNEY BOROUGH, JEFF BURKETT, ESQUIRE, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY, AND JEFFERSON COUNTY, PENNSYLVANIA**

**VIOLATION OF WELL-ESTABLISHED PENNSYLVANIA AND
<u>FEDERAL LAW AND PLAINTIFF'S CIVIL AND CONSTITUTIONAL RIGHTS</u>**

132.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 131 above.

133.    At all times pertinent hereto, 814, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, Borough, Burkett, and County were acting under color of state law individually and/or with the help of and/or in concert with others who were acting under color of state law.

134.    At all times pertinent hereto, 814, Knepp, Shenkle, John Does, and Jane Does had a duty to comply with and not violate well-established Pennsylvania and Federal law and Plaintiff's

civil and constitutional rights.

135. For the reasons averred herein, 814, Knepp, Shenkle, John Does, and Jane Does' conduct did violate well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights which caused the aforementioned severe, serious, and potentially permanent injuries, damages, losses, and harm Plaintiff has suffered and will continue to suffer.

136. At all times pertinent hereto, Conrad, Winfield, Borough, Burkett, and County had a duty to protect and serve the public, including Plaintiff, to uphold the law, to support and defend the Constitutions of the United States of America and the Commonwealth of Pennsylvania, and to not violate Plaintiffs' civil and constitutional rights.

137. For the reasons averred herein, Conrad, Winfield, Borough, Burkett, and County's conduct did violate well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights which caused the aforementioned severe, serious, and potentially permanent injuries, damages, losses, and harm Plaintiff has suffered and will continue to suffer.

138. The conduct of 814, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, Borough, Burkett, and County was arbitrary, capricious, and deliberately reckless and indifferent to well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights.

139. Any reasonable individuals and entities in 814, Knepp, Shenkle, John Does, and Jane Does' position would have known that they were violating well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights, without probable cause.

140. Any reasonable police officers in Conrad's and Winfield's position would have known that they were violating well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights, without probable cause.

141. Any reasonable district attorney in Burkett's position would have known that they

were violating well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights, without probable cause.

142. Any reasonable borough, town, municipality, city, or county in Borough's and County's position would have known that it was violating well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights, without probable cause.

143. As a direct, proximate, factual, and legal result of Defendants' violation of well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights, Plaintiff has suffered and will continue to suffer the loss of his liberty and the aforementioned severe, serious and permanent injuries, damages, losses, and harm.

144. Under the circumstances, Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, and Burkett's conduct was intentional, malicious, and recklessly indifferent to well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights and warrants the imposition of punitive damages against Knepp, Shenkle, John Does, Jane Does, Conrad, Winfield, and Burkett.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendants, 814Pred Hunters, LLC, Brian Knepp, Diane Shenkle, John Does 1-10, Jane Does 1-10, Chief Matt Conrad, individually and in his official capacity, Corporal Jeff Winfield, individually and in his official capacity, Punxsutawney Borough, Jeff Burkett, Esquire, individually and in his official capacity, and Jefferson County, Pennsylvania for compensatory damages in excess of $75,000, punitive damages (against the individual Defendants, only), attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT VIII

## PLAINTIFF V. DEFENDANT, CORPORAL JEFF WINFIELD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

## COMMON LAW ASSAULT

145. Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 144 above.

146. An assault is an act intended to put another person in reasonable apprehension of an immediate battery, and which succeeds in causing an apprehension of such battery.

147. Winfield's conduct, particularly when he approached Plaintiff's vehicle and made it clear he intended to extricate Plaintiff from his vehicle, put Plaintiff in apprehension of an immediate battery, which battery ultimately occurred.

148. Under the circumstances and because Plaintiff had committed no crime, and Winfield did not have probable cause to arrest Plaintiff, the conduct of Winfield was not reasonable or necessary.

149. Winfield's conduct constituted an assault of Plaintiff which caused and/or contributed to and will continue to cause and/or contribute to the loss of his liberty and the aforementioned severe, serious, and permanent injuries, damages, losses, and harm Plaintiff has suffered and will continue to suffer.

150. Under the circumstances, Winfield's conduct greatly exceeded the authority of any reasonable police officer and was intentional, malicious, and recklessly indifferent to well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights and warrants the imposition of punitive damages against him in his individual capacity.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendant, Corporal Jeff Winfield, individually and in his official capacity, for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT IX

### PLAINTIFF V. DEFENDANT, CORPORAL JEFF WINFIELD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

### COMMON LAW BATTERY

151.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 150 above.

152.    By and through the use of excessive force, Winfield intended to cause harmful and offensive contact with Plaintiff, or an imminent apprehension of such contact, and did harmfully and offensively contact Plaintiff.

153.    Winfield's conduct constituted a battery of Plaintiff which caused and/or contributed to and will continue to cause and/or contribute to the loss of his liberty and the aforementioned severe, serious, and permanent injuries, damages, losses, and harm Plaintiff has suffered and will continue to suffer.

154.    Under the circumstances, Winfield's conduct greatly exceeded the authority of any reasonable police officer and was intentional, malicious, and recklessly indifferent to well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights and warrants the imposition of punitive damages against him in his individual capacity.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendant, Corporal Jeff Winfield, individually and in his official capacity, for compensatory

damages, punitive damages, attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT X

### PLAINTIFF V. DEFENDANTS, 814PRED HUNTERS, LLC BRIAN KNEPP, DIANE SHENKLE, JOHN DOES 1-10, AND JANE DOES 1-10

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

155.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 154 above.

156.    At all times pertinent hereto, 814, Knepp, Shenkle, John Does, and Jane Does knew their vigilante actions were illegal, unlawful, and violated well-established Pennsylvania and Federal law and individuals' civil and constitutional rights.

157.    The only plausible explanation for their illegal, unlawful, and vigilante actions is that they intended to inflict severe emotional distress on each of the individuals they entrapped which they knew and/or should have known would cause Plaintiff to suffer severe emotional distress.

158.    By and through their actions as aforesaid, 814, Knepp, Shenkle, John Does, and Jane Does have each acted in an extreme and outrageous manner.

159.    The extreme and outrageous conduct of 814, Knepp, Shenkle, John Does, and Jane Does as aforesaid went well beyond the bounds of decency in society and deviated greatly from the course of conduct expected of reasonable people.

160.    As a direct, proximate, factual, and legal result of 814, Knepp, Shenkle, John Does, and Jane Does' extreme and outrageous conduct as aforesaid, Plaintiff has suffered and will continue to suffer severe emotional distress, his civil and constitutional rights were violated, and he has suffered and will continue to suffer the aforementioned severe, serious and permanent

injuries, damages, losses, and harm.

161.    814 is legally liable to Plaintiff for its own extreme and outrageous conduct and, under the circumstances and principles of respondeat superior and ostensible agency, 814 is vicariously liable to Plaintiff for the extreme and outrageous conduct of Knepp, Shenkle, John Does, and Jane Does, generally and including their actions that were committed under color of state law.

162.    Under the circumstances, 814, Knepp, Shenkle, John Does, and Jane Does's extreme and outrageous conduct was intentional, malicious, and recklessly indifferent to well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights and warrants the imposition of punitive damages against 814, Knepp, John Does, and Jane Does.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendants, 814Pred Hunters, LLC, Brian Knepp, Diane Shenkle, John Does 1-10, and Jane Does 1-10, for compensatory damages in excess of $75,000,  punitive damages, attorneys' fees, costs, and such other relief as this Court deems appropriate under the  circumstances.

## COUNT XI

## PLAINTIFF V. DEFENDANTS

### TORTIOUS INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE CONTRACTUAL RELATIONS

163.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 162 above.

164.    Because they represent the suspects whom Defendants cause to be arrested, prosecuted, and incarcerated and/or actually do arrest, prosecute, and incarcerate, illegally, unlawfully, or otherwise, at all times pertinent hereto, Defendants had a vendetta against criminal defense attorneys, including Plaintiff.

165. During the Communications and before Plaintiff's illegal and unlawful arrest, prosecution, and incarceration, Defendants all knew Plaintiff was a criminal defense attorney.

166. During the Communications and before Plaintiff's illegal and unlawful arrest, prosecution, and incarceration, Defendants all knew and/or strongly suspected that Plaintiff was actively representing numerous clients with the prospect of representing many more clients in the future.

167. During the Communications and before Plaintiff's illegal and unlawful arrest, prosecution, and incarceration, Defendants all knew and/or should have known that criminal defense attorneys are required to and/or typically enter into written fee agreements/contracts with their clients.

168. During the Communications and before Plaintiff's illegal and unlawful arrest, prosecution, and incarceration, Defendants all knew that if Plaintiff was illegally and unlawfully entrapped, arrested, prosecuted, and incarcerated, it would result in the termination of all existing written fee agreements/contracts and would prevent Plaintiff from entering into any future written fee agreements/contracts.

169. The only plausible explanation for Defendants' extreme and outrageous conduct and their violation of well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights is that they intended to interfere with Plaintiff's existing and prospective fee agreements/contracts.

170. Defendants' extreme and outrageous conduct and their violation of well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights has interfered and will continue to interfere with Plaintiff's existing and prospective fee agreements/contracts.

171. As a direct, proximate, factual, and legal result of the Conspiracy and Defendants'

extreme and outrageous conduct and their violation of well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights, Plaintiff has suffered and will continue to suffer the loss of his liberty and the aforementioned severe, serious and permanent injuries, damages, losses, and harm.

172.    Under the circumstances, Defendants' extreme and outrageous conduct was intentional, malicious, and recklessly indifferent to well-established Pennsylvania and Federal law and Plaintiff's civil and constitutional rights and warrants the imposition of punitive damages against Defendants.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendants, 814Pred Hunters, LLC, Brian Knepp, Diane Shenkle, John Does 1-10, Jane Does 1-10, Chief Matt Conrad, individually and in his official capacity, Corporal Jeff Winfield, individually and in his official capacity, Punxsutawney Borough, Jeff Burkett, Esquire, individually and in his official capacity, and Jefferson County, Pennsylvania, for compensatory damages in excess of $75,000,  punitive damages (against the individual Defendants, only), attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT XII

### PLAINTIFFS V. DEFENDANT, 814PRED HUNTERS, LLC

### <u>VICARIOUS LIABILITY</u>

173.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 172 above.

174.    As a direct, proximate, factual, and legal result of the conduct of Knepp, Shenkle, John Does, and Jane Does, who were and are authorized agents, servants, employees, representatives, and/or ostensible agents who acted in accordance with and pursuant to the

Conspiracy, 814 is vicariously liable to Plaintiff under principals of respondent superior and ostensible agency for all Plaintiff's aforementioned severe, serious, and permanent injuries, damages, losses, and harm.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendant, 814Pred Hunters, LLC, for compensatory damages in excess of $75,000, attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT XIII

### PLAINTIFFS V. DEFENDANT, PUNXSATAWNEY BOROUGH

### <u>VICARIOUS LIABILITY</u>

175.    Plaintiffs incorporate herein by reference as though fully set forth at length paragraphs 1 through 174 above.

176.    As a direct, proximate, factual, and legal result of the conduct of the other Defendants, who were and are authorized agents, servants, employees, representatives, and/or ostensible agents who acted in accordance with and pursuant to the Policies and Conspiracy, Borough is vicariously liable to Plaintiff under principals of respondent superior and ostensible agency for all Plaintiff's aforementioned severe, serious, and permanent injuries, damages, losses, and harm.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendant, Punxsutawney Borough, for compensatory damages in excess of $75,000, attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

## COUNT XIV

## PLAINTIFFS V. DEFENDANT, JEFFERSON COUNTY, PENNSYLVANIA

## <u>VICARIOUS LIABILITY</u>

177.    Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 176 above.

178.    As a direct, proximate, factual, and legal result of the conduct of the other Defendants, who were and are authorized agents, servants, employees, representatives, and/or ostensible agents who acted in accordance with and pursuant to the Policies and Conspiracy, County is vicariously liable to Plaintiff under principals of respondent superior and ostensible agency and acting in accordance with and pursuant to the Conspiracy for all Plaintiff's aforementioned severe, serious, and permanent injuries, damages, losses, and harm.

WHEREFORE, Plaintiff, Paul A. Luvara, demands judgment in his favor and against Defendant, Jefferson County, Pennsylvania, for compensatory damages in excess of $75,000, attorneys' fees, costs, and such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

**THE FARNETH LAW GROUP, LLC**

May 28, 2026

By: *s/George R. Farneth II, Esquire*
George R. Farneth II, Esquire
445 Fort Pitt Blvd., Suite 160
Pittsburgh, PA 15219
Tel: (412) 863-7092
Fax: (412) 586-4713
Email: grf@farnethlaw.com
PA ID #53914
WV ID #10749
*Attorneys for Plaintiff,*
*Paul Luvara*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing First Amended Complaint in Civil Action was served this 28th day of May 2026 by and through the Court's ECF system upon all counsel of record and pro se parties, and via certified mail, return receipt requested addressed as follows:

**Office of Constituent Services**
**Office of Attorney General**
**Commonwealth of Pennsylvania**
**16th Floor, Strawberry Square**
**Harrisburg, PA 17120**

**THE FARNETH LAW GROUP, LLC**

May 28, 2026

By: <u>*s/George R. Farneth II, Esquire*</u>
George R. Farneth II, Esquire
445 Fort Pitt Blvd., Suite 160
Pittsburgh, PA 15219
Tel: (412) 863-7092
Fax: (412) 586-4713
Email: grf@farnethlaw.com
PA ID #53914
WV ID #10749